IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LEE HICKS,

      Petitioner,                      No. CIV S-06-2264 DFL GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS,[1]

      Respondent.                    ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named the California Department of Corrections (now the California Department of Corrections and Rehabilitation) as respondents. However the CDC (or CDCR) is not the proper respondent in this action where petitioner seeks, inter alia, restoration of time credits resulting from prison disciplinary actions at Correctional Training Facility at Soledad (CTF). Petitioner is cautioned that in any future filing to name the proper respondent, the warden of CTF.

pauperis.[2]  This court will not rule on petitioner's request to proceed in forma pauperis.

Petitioner is incarcerated at the Correctional Training Facility in Soledad (CTF) and challenges prison disciplinary actions that took place at that facility located in Monterey County.  Monterey County is in an area embraced by the United States District Court for the Northern District of California.

Pursuant to 28 U.S.C § 2241(b), courts "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."  Because petitioner challenges disciplinary actions for which he was not convicted at a prison facility in this district, and he is not presently confined here, this court does not have jurisdiction to entertain the application.

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's request to proceed in forma pauperis;

2. This matter is transferred to the United States District Court for the Northern District of California.  28 U.S.C. § 2241(b); 28 U.S.C. § 1406(a).

DATED: 4/4/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
hick2264.108b

---

[2]  The court regrets that this petition was not transferred in a more timely manner.